674 F.2d 748
 110 L.R.R.M. (BNA) 2311, 93 Lab.Cas. P 13,386
 Clarence WELSHHONS, Appellant,
v.
SIVYER STEEL CORPORATION and International Union, United
Automobile, Aerospace and Agricultural Implement
Workers of America, Local Union No. 377,
Appellees.
 No. 81-2354.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 1, 1982.
Decided April 7, 1982.
 
 Clarence Welshhons, pro se.
 Fred G. Groiss, Patricia K. Ballman, Milwaukee, Wis., for appellee Sivyer Steel Corp.; Quarles & Brady, Milwaukee, Wis., of counsel.
 John A. Fillion, Gen. Counsel, Jordan Rossen, Associate Gen. Counsel, Judith A. Scott, Asst. Gen. Counsel, Detroit, Mich., for UAW and its Local Union 377.
 Before HEANEY, ROSS and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Clarence Welshhons, was employed by Sivyer Steel Corporation as a welder from 1952 until his discharge in 1977. Welshhons was a member of the bargaining unit represented by Local 377 of the United Automobile, Aerospace and Agricultural Implement Workers of America. He was covered by a collective bargaining agreement which provided in part as follows:
 
 
 2
 All reasonable shop rules and all laws governing health, safety appliances and sanitary conditions shall be complied with by the Company, the employees and the union.* * *
 
 
 3
 The Company may, at any time, require an employee to undergo a physical examination or laboratory test at the expense of the Company and a report of such examination and/or tests will be given to the personal physician of the employee involved upon the written request of the employee. Chest x-rays will be required periodically and the employee and his family physician will be advised of the results.
 
 
 4
 The company required all employees to undergo chest x-rays at least every two years. Any employee who worked in an area where he or she was exposed to a high concentration of silica or who had a history of tuberculosis was required to take a chest x-ray annually.
 
 
 5
 Welshhons took chest x-rays in accordance with company policy in 1965, 1967, 1969, 1971, 1973 and 1975. In 1972, he informed the company nurse that he had had tuberculosis when he was four years old. He was notified that he thereafter must have chest x-rays annually. He refused to do so in 1974 and 1976.
 
 
 6
 Union and company personnel held a number of meetings with Welshhons in November, 1976, and January, 1977, in an attempt to persuade him to submit to the annual x-rays. Welshhons consistently refused to do so, stating that he believed that exposure to diagnostic radiation is harmful to his health. Consequently, Welshhons was fired.
 
 
 7
 Welshhons brought suit under 29 U.S.C. § 185, alleging that the company had discharged him without "good and just cause" within the meaning of the labor contract and that the union had breached its duty of fair representation by failing to pursue a grievance challenging the allegedly wrongful discharge. Welshhons also charged that the company and the union had discriminated against him on the basis of his religion in violation of the labor contract and the state and federal constitutions.
 
 
 8
 On May 9, 1980, the court entered summary judgment against the plaintiff as to his claims of religious discrimination. The court stated that the plaintiff's religious discrimination claims were without merit because there was no evidence that management had any knowledge that plaintiff's objection to the chest x-rays was religiously based. The court held a trial as to the remaining allegations on July 20 and 21, 1981. The court entered judgment in favor of the company and the union on October 29, 1981. The court concluded that Welshhons never sought the aid of the union in dealing with his termination; and that even if it could be said that he had, the union did not act arbitrarily, discriminatorily or in bad faith in failing to process a grievance for him. The court further held that plaintiff's discharge was effected for "good and just cause" under the collective bargaining agreement. Welshhons appeals from the entry of summary judgment and from the court's ruling after trial.
 
 
 9
 We find that the district court's findings of fact are not clearly erroneous and that the controlling principles of law were correctly applied. Accordingly, we affirm the district court on the basis of its well-reasoned opinions.